IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUCY CRUZ,

        Plaintiff,

   v.                                          CIVIL ACTION
                                                  NO. 14-6570

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

## ORDER

**AND NOW**, this 14th day of October, 2016, upon careful consideration of the Report and Recommendation filed by United States Magistrate Judge Marilyn Heffley, and independent review of the record in this matter, including Plaintiff's objections to the Report and Recommendation,[1] it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED and ADOPTED**.

2. Plaintiff's Motion for Summary Judgment and Request for Review is **DENIED**.

3. Judgment is entered in favor of Defendant.

---

[1] Plaintiff's first objection is based on the assertion that "Third Circuit law is unequivocally clear that an ALJ *must* explain why she rejects the limitations in a physician's opinion, particularly where the ALJ otherwise credited that doctor's opinion." The cases Plaintiff cites are far more general than the statement for which she cites them; they merely set forth the basic principle that an ALJ must explain why she rejects various evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 43-44 (3d Cir. 2001); *Burnett v. Comm'r ofSoc. Sec. Admin.*, 220 F. 3d 112, 121 (3d Cir. 2000); *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979). Plaintiff's second objection blends two issues: the ALJ's reliance on an allegedly outdated non-examining state agency opinion; and the ALJ's substitution of her own judgment for that of the various other experts on record in violation of *Brownawell v. Comm'r Of Soc. Sec.*, 554 F.3d 352 (3d Cir. 2008). Plaintiff describes the report and recommendation as "attempting to overcome *Brownawell*" by citing unpublished cases from other districts, but those cases are about the lapse of time and additional evidence following non-examining state agency opinions, not about ALJs' substitution of their own judgment (and indeed those opinions are persuasive). *See* R&R at 21-22. In fact, if the magistrate was "attempting to overcome *Brownawell*," it was only through *Brownawell*'s own recognition that expert opinions can be rejected on the basis of contrary medical evidence. 554 F.3d at 355. With respect to both objections, the ALJ clearly and extensively explains that her decision was based on various record evidence that contradicts the opinions Plaintiff wishes to rely upon and supports the opinions given weight by the ALJ as well as her conclusions.

2

4. The Clerk of Court shall mark the case closed.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.